UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMENIC PEZZO, *et al.*,

                 Plaintiffs,

-v-

AIR & LIQUID SYSTEMS CORPORATION, *et al.*,

                 Defendants.

20-CV-10433 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On September 3, 2020, Plaintiffs Domenic and Carol Pezzo commenced this tort case against 35 defendants, including Defendant AMETEK, Inc., in New York state court. (Dkt. No. 1 at 2.) Plaintiffs allege that Defendants exposed Domenic Pezzo to asbestos throughout the course of his employment in various private and public sector roles. (Dkt. No. 1-1.)

This case proceeded apace in state court until December 10, 2020, when AMETEK removed the case to federal court. (Dkt. No. 1.) Based on evidence uncovered during discovery, AMETEK invoked the Court's federal officer removal jurisdiction under 28 U.S.C. § 1442(a). On January 8, 2021, Plaintiffs moved to remand the case, arguing that AMETEK's removal was untimely. (Dkt. No. 22.) For the reasons that follow, Plaintiffs' motion is granted.

**I.    Background**

In their initial complaint, Plaintiffs alleged that Domenic Pezzo's first job-related exposure to asbestos occurred in 1958, during his employment as a mechanic in the private sector. (Dkt. No. 1-1 at 1.) Plaintiffs then listed Domenic Pezzo's history of employment, which spanned 16 jobs in the private and public sectors. (Dkt. No. 1-1 at 1–2.) Of note for the present motion, Plaintiff alleged that he had spent five years with the U.S. Navy, including three years

1

aboard the *USS Wasp (CVS-18)*. (*Id*.) The complaint did not specify whether this period of service exposed Domenic Pezzo to asbestos. (*Id*.)

After receiving the complaint, AMETEK joined co-Defendants Champlain Cable Corporation and Standard Motor Products, Inc. in retaining counsel from Troutman Pepper, LLP. (Dkt. No. 1-6 at 3:17–18; 10:17–19.) Counsel from Troutman Pepper engaged in discovery on behalf of AMETEK and its co-Defendants, scheduling a deposition of Domenic Pezzo for November 10, 2020. On November 4, 2020, in advance of the deposition, Plaintiffs' counsel emailed counsel at Troutman Pepper a notice of deposition, Domenic Pezzo's medical records, and Plaintiffs' responses to Defendants' first set of interrogatories. (Dkt. No. 32-4; Dkt. No. 32-5.) The responses included a fuller explanation of Domenic Pezzo's employment history and, as relevant here, specified that he had personally used "[a]sbestos-containing washers, dryers, . . . [and] presses" while employed as a ship serviceman aboard the *USS Wasp* from 1965 to 1967. (Dkt. No. 27-3 at 26.) In his deposition on November 10, 2020, Domenic Pezzo clarified that "[e]verything was Prosperity," a laundry-equipment brand that AMETEK acquired in 1963, in the *USS Wasp* laundry room. (Dkt. No. 1-6 at 109:10–11; (Dkt. No. 1 at 4 n.2.)

On November 27, 2020, AMETEK retained counsel from Mendes & Mount, LLP to represent it in this case. (Dkt. No. 27 ¶ 5.) Reviewing the discovery already produced, counsel from Mendes & Mount concluded that AMETEK had a colorable government contractor defense to Plaintiffs' claims. AMETEK sought removal under § 1442(a) accordingly, filing its notice of removal on December 10, 2020 — 36 days after the counsel at Troutman Pepper had received Plaintiffs' responses and 30 days after Domenic Pezzo's deposition.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *See Keene Corp. v. United States,* 508 U.S. 200, 207 (1993). Therefore, "removal jurisdiction exists in a given case only when that

jurisdiction is expressly conferred on the courts by Congress." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 367 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

Courts police compliance with the rules governing removal with particular care to control the federal docket and to respect the independence of state courts. *See, e.g., Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 179 (S.D.N.Y. 2003). Accordingly, it is well established that "[t]he party asserting federal jurisdiction generally bears the burden of proving that the case is properly in federal court." *See Goel v. Ramachandran*, 823 F.Supp.2d 206, 210 (S.D.N.Y. 2011) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). In other words, "[w]hen the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *Stan Winston*, 314 F.Supp.2d at 179 (quotation marks and internal citations omitted). All doubts are resolved against removability. *See, e.g., Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991); *Wilds v. United Parcel Serv., Inc.*, 262 F.Supp.2d 163, 176 (S.D.N.Y. 2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand." (quotation marks and internal citations omitted)).

### III. Discussion

In their motion to remand, Plaintiffs argue that AMETEK's removal of this action was untimely. 28 U.S.C. § 1446(b) requires a defendant seeking to remove an action to do so within 30 days of receiving notice of the basis for removal. Plaintiffs contend (1) that their interrogatory responses put AMETEK on notice of its government contractor defense and (2) that AMETEK failed to remove this action within 30 days of receiving the responses. AMETEK disputes both contentions, which the Court now considers in turn.

### A. Sufficiency of the Interrogatory Responses

Section 1442(a) permits "any person acting under [any] office[] of the United States" to remove a state action "relating to any act under color of such office." Government contractors acting subject to federal "regulation, monitoring, or supervision" fall within the ambit of the removal provision. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007). Plaintiffs do not dispute whether AMETEK was a government contractor who, in principle, could invoke § 1442(a). Instead, Plaintiffs argue that AMETEK invoked § 1442(a) more than 30 days after Plaintiffs answered Defendants' interrogatories, thereby putting AMETEK on notice of its government contractor defense. AMETEK disputes whether the interrogatory responses, which did not mention the Prosperity brand, were sufficiently specific to alert it to the defense.

The 30-day removal period begins when a defendant "apply[ing] a reasonable amount of intelligence" would be able to ascertain the basis for removal from the case materials. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). Although a defendant need not perform "an independent investigation into a plaintiff's indeterminate allegations," *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014), a defendant is presumed to be familiar with its own business and to understand the case materials in light of that familiarity. Even in the absence of pleadings on the matter, defendants are expected to know whether the equipment they provide to the government is off-the-shelf or made to specification. *See, e.g., Levy v. A.O. Smith Water Prods. Co.*, No. 12-cv-5152, 2012 WL 2878140, at *2 (S.D.N.Y. July 13, 2012). They are expected to know the brands they control and the items they manufacture. *See, e.g., Speedy v. 3M Co.*, No. 15-cv-391, 2015 WL 2265410, at *3 (S.D. Ill. May 12, 2015). It follows that the removal clock starts ticking well before the plaintiff pleads facts or adduces evidence that would render a government contractor defense "uncontestable."

*See Brown v. Amchem Prods., Inc.*, No. 19-cv-5844, 2020 WL 1150223, at *5 (S.D.N.Y. Mar. 10, 2020) (citations omitted).

Consistent with the reasonable-intelligence standard, courts in the Second Circuit have held that the 30-day removal period begins upon a defendant's receipt of evidence strikingly similar to the evidence at issue here. In *Brown v. Amchem Products, Inc.*, a plaintiff alleged that he had been exposed to asbestos in the course of his employment in the private sector and in the U.S. Navy. *Id*. at *1–2. The plaintiff's interrogatory responses clarified that he had been exposed to an asbestos-containing distilling plant while serving aboard the *USS Constellation* between 1959 and 1962. *Id*. The responses did not indicate the brand or manufacturer of the plant. *Id*. Holding that "such detail is not necessary to trigger the 30-day removal clock," and that the omission of this information did "not justify [the manufacturer's] delay" in seeking removal, Judge Gardephe remanded the case. *Id*. a *4–5; *accord Hyperion Med. P.C. v. UnitedHealthcare Ins. Co. of New York*, No. 20-cv-5081, 2021 WL 568302, at *3 (S.D.N.Y. Feb. 15, 2021) (discussing *Brown* and assessing that "[t]he federal officer defense was apparent from the face of the interrogatory"). Likewise, the action in *Pantalone v. Aurora Pump Co.* was remanded, even though the plaintiff's complaint and interrogatory responses had not identified which defendants had manufactured the specific asbestos-containing products to which the plaintiff had been exposed while aboard the *USS Fulton* and *USS Dortch*. 576 F. Supp. 2d 325, 334 (D. Conn. 2008); *see also Levy*, 2012 WL 2878140, at *2–3 (rejecting a manufacturer's argument "that it required an allegation that [the plaintiff] worked specifically with [its] valves" when the plaintiff had identified "exposure on specific ships, during a specific time period, and the type of [asbestos-containing] products"); *Speedy*, 2015 WL 2265410, at *2 ("Plaintiffs' interrogatory answers, however, identify specific worksites and asbestos-containing products

from which [the manufacturer] could have concluded that Plaintiffs' allegations arose while it was acting under the direction of the United States.").

This case is not meaningfully distinguishable from *Brown* or *Pantalone*. Plaintiffs' interrogatory responses clarified that Domenic Pezzo was exposed to asbestos-containing laundry equipment while serving aboard the *USS Wasp* between 1965 and 1967. AMETEK had acquired a laundry-equipment brand in 1963. Between Plaintiffs' interrogatory responses and AMETEK's understanding of its own business, the government contractor defense was ascertainable. The removal clock started ticking upon AMETEK's receipt of the responses.

### B. AMETEK's Receipt of the Responses

Section 1446(b) provides that a defendant must seek removal within 30 days of the "receipt by the defendant" of the "paper from which it may first be ascertained that the case is one which is or has become removable." AMETEK argues that, even if Plaintiffs' interrogatory responses provided notice of the removability of the case, Plaintiffs failed to provide the responses to AMETEK in advance of Domenic Pezzo's November 10, 2020 deposition.

AMETEK's argument is predicated on Mendes & Mount's honest but mistaken belief that "Plaintiffs did not serve their discovery responses and Chart A upon . . . any predecessor counsel." (Dkt. No. 27 ¶ 8.) In response to AMETEK's briefing, Plaintiffs filed copies of two emails that their counsel sent to richard.oleary@troutman.com on November 4, 2020. (Dkt. No. 32-4; Dkt. No. 32-5.) Those emails transmitted files entitled "File Stamped Answers to Interrogatories.pdf," "File Stamped Chart A to Interrogatories.pdf," and "Notice of Deposition - Domenic Pezzo.pdf." (Dkt. No. 32-4; Dkt. No. 32-5.) AMETEK offers no reason to doubt the accuracy of Plaintiffs' evidence, which the Court credits. Troutman Pepper, and thus AMETEK, received Plaintiffs' interrogatory responses more than 30 days before AMETEK sought to remove this case to federal court. AMETEK's notice of removal was untimely.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 22, close this case, and remand the matter to the Supreme Court of the State of New York, New York County.

SO ORDERED.

Dated: July 8, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge